IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1998 SESSION



FILED

September 23, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

THOMAS RAY DYER,                   )
                                   )
          Appellant,               )      No. 03C01-9712-CR-00515
                                   )
                                   )      Knox County
v.                                 )
                                   )      Honorable Richard Baumgartner, Judge
                                   )
STATE OF TENNESSEE,                )      (Post-Conviction)
                                   )
          Appellee.                )


For the Appellant:                        For the Appellee:

Mark E. Stevens                           John Knox Walkup
District Public Defender                  Attorney General of Tennessee
    and                                            and
John Halstead                             Clinton J. Morgan
Assistant Public Defender                 Assistant Attorney General of Tennessee
1209 Euclid Avenue                        425 Fifth Avenue North
Knoxville, TN 37921                       Nashville, TN 37243-0493
(AT TRIAL)
                                          Randall E. Nichols
Mark E. Stevens                           District Attorney General
District Public Defender                       and
    and                                   Marsha Selecman
Paula R. Voss                             Assistant District Attorney General
John Halstead                             City-County Building
Assistant Public Defenders                Knoxville, TN 37902
1209 Euclid Avenue
Knoxville, TN 37921
(ON APPEAL)


OPINION FILED:_____


AFFIRMED

Joseph M. Tipton
Judge

## **O P I N I O N**

2

The petitioner, Thomas Ray Dyer, appeals as of right from the Knox County Criminal Court's order dismissing his petition for post-conviction relief as untimely filed. The petitioner asserts that his illiteracy should serve as a basis for waiving the statute of limitations. We disagree.

The petitioner was convicted on June 13, 1988, upon guilty pleas, of second degree burglary, grand larceny, and attempting to introduce drugs into a county jail, and received an effective sentence of twenty-one years. He filed his petition for post-conviction relief on March 30, 1995, asserting various constitutional violations. The petition contains no allegation about why it was not filed earlier. It has not been amended by counsel.[1]

After hearing arguments from counsel and unsworn statements by the petitioner relative to his claimed illiteracy, the trial court dismissed the petition without an evidentiary hearing because the then applicable statute of limitations of three years from the end of the convicting cases had already run. It stated that the fact that a petitioner was illiterate would not toll the running of the statute of limitations.

The petitioner acknowledges that this court has previously stated illiteracy and personal ignorance are not sufficient grounds for avoiding the running of the statute. See Bernard Nelson v. State, No. 01C01-9212-CC-00375, Montgomery County (Tenn. Crim. App. Nov. 18, 1993); see also Raymond Dean Willis v. State, No. 01C01-9211-CR-00359, Davidson County (Tenn. Crim. App. Oct. 21, 1993), app. denied

---

[1] Ordinarily, a petition that shows on its face that it was filed after the statute of limitations has run and fails to allege adequate grounds to toll the running of the statute is subject to dismissal upon the pleadings without any hearing. Such was not done in this case, with the trial court listening to an issue not raised by the pleadings.

(Tenn. Mar. 7, 1994).  (Ignorance of existence of statute of limitation does not toll running of the statute.)  He urges us, though, to reconsider and to hold that an inmate's ignorance of the law, when caused by illiteracy, constitutes sufficient cause to waive the limitation period.

We do not believe that this case comes to us in a procedural or substantive posture that would warrant any change in our view of the law.  The judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
Joe G. Riley, Judge


_____
Thomas T. Woodall, Judge

3